IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN LISLE, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:16-CV-421-NJR-DGW |
| JACQUELINE LASHBROOK, JAMES DIERKS, FRANK EOVALDI, KEVIN MURRAY, and DANIEL DUNN, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Sanctions filed by Defendants Jacqueline Lashbrook, James Diercks, Daniel Dunn, Frank Eovaldi, and Kevin Murray (Doc. 113).[1] Defendants move for dismissal of this case as a sanction for Plaintiff Steven Lisle twice disrupting his deposition by fondling his genitals through a hole in his pants while being questioned by defense counsel. As a result of the incident, the Illinois Department of Corrections issued Lisle a ticket for sexual misconduct and disobeying a direct order essential to safety and security, to which Lisle pleaded guilty (Doc. 113-2).

The Court provided Lisle with an opportunity to respond to the motion for sanctions *pro se*, after his appointed counsel indicated he was professionally barred from responding as a witness to the alleged acts, which occurred at a small table within arm's reach of one another (Docs. 118, 119). In response, Lisle argues only that he answered all

---

[1] The Clerk of Court is **DIRECTED** to correct Defendants' names on the docket as reflected in this paragraph.

questions asked by Defendants at his deposition and that any disciplinary action taken by the Department of Corrections as a result of the sexual misconduct is irrelevant to this matter, especially considering that his actions were due to his mental illness for which he is now receiving treatment. He also argues that if a court intends to impose sanctions *sua sponte*, it must provide notice and an opportunity to be heard.

First, the Court notes that it is not proceeding *sua sponte* here; Defendants filed a motion and Lisle specifically was given an opportunity to respond. That is all that is required. *See Ayoubi v. Dart*, 640 F. App'x 524, 528 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("Before exercising its inherent authority to sanction misconduct, a court must notify the litigant of the specific misdeed that is the basis for possible sanction and allow the litigant an opportunity to respond.")). And given the nature of Lisle's conduct and his flimsy response in opposition, no hearing is necessary. *See id.* (a live hearing is necessary only if it will assist the court in its decision of whether to impose sanctions).

Second, contrary to Lisle's assertion, the Court finds his sexual misconduct highly relevant to this matter. Lisle subjected three officers of the Court—defense counsel, Plaintiff's appointed counsel, and the court reporter—to his sexual acts. An officer commanded Lisle to stop, and yet he continued his repugnant behavior. That is unacceptable.

It is well recognized that "a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32,

46–50 (1991)). "Pursuant to that authority, [the court] may impose appropriate sanctions to penalize and discourage misconduct." *Id.* Dismissal under the Court's inherent authority is appropriate where a litigant has "willfully abused the judicial process." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (citations omitted).

"Although dismissal is indeed a hefty sanction, 'the most severe in the spectrum of sanctions provided by statute or rule must be available . . . to penalize those whose conduct may be deemed to warrant such a sanction . . . .'" *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). Dismissal is particularly appropriate where a litigant is proceeding *in forma pauperis*, as imposing a fine is meaningless against an indigent party. *Ayoubi v. Dart*, 640 F. App'x 524, 529 (7th Cir. 2016).

Due to the seriousness of Lisle's misconduct, the Court finds that the sanction of dismissal is appropriate here. Lisle has numerous cases pending in this Court in which he is proceeding *in forma pauperis*, several of which are pending before the undersigned. Only the sanction of dismissal will send the message that such conduct by Lisle or any other litigant will not be tolerated. Accordingly, Defendants' Motion for Sanctions (Doc. 113) is **GRANTED**, and this entire action is **DISMISSED with prejudice.** The Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED: May 20, 2019

                                                    _____
                                                  **NANCY J. ROSENSTENGEL**
                                                  **Chief U.S. District Judge**