IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN D. LISLE, JR., <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY BUTLER, DUNBAR, HOFF, KENTE BROOKMAN, ST. HARRIS, LUITENET BEST, C/O LAMINAK, LORI OAKLEY, MISSTY THOMPSON, T.S. KEEN, UNKNOWN PARTIES, JACQUELINE LASHBROOK, JAMES DIERKS, FRANK EOVALDI, KEVIN MURRAY, and DANIEL DUNN, <br><br> Defendants. | Case No. 3:16-CV-421-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Proceed *in forma pauperis* ("IFP") on appeal filed by Plaintiff Steven Lisle, Jr. (Doc. 139). On July 15, 2019, Lisle filed a Notice of Appeal of the Court's Order dismissing his case as a sanction for Lisle fondling himself during a deposition, as well as the Court's denial of his motion to alter the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 138). Lisle states that he is appealing because the aforementioned deposition was "illegal" and, therefore, the Court erred in granting Defendants' motion for sanctions. He also claims the Court erred in failing to provide him with an evidentiary hearing. Lisle now seeks leave to proceed on appeal without full pre-payment of the appellate filing fee.

Under Rule 24(a)(3)(A), a party who was permitted to proceed *in forma pauperis* ("IFP") in the district court action may proceed IFP on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or the party is not otherwise entitled to proceed IFP. FED. R. APP. P. 24(a)(3)(A). An appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Walker*, 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).

Here, Lisle was permitted to proceed IFP in the district court action, but he has not provided any verification that he remains indigent. Furthermore, the issues raised by Lisle in his Notice of Appeal are clearly frivolous. Lisle states that he is appealing the dismissal of his case as a sanction for conduct that occurred at his deposition because the deposition itself was "illegal." Specifically, Lisle asserts that discovery had already closed when the deposition was conducted on September 18, 2018; therefore, the conduct that occurred at the deposition (Lisle fondling himself) should never have happened. The Court notes, however, that on August 28, 2018, discovery was reopened until October 1, 2018, specifically for the purpose of taking Lisle's deposition (Doc. 104). Lisle's deposition was therefore taken within the discovery period and nothing about it was illegal. Thus, there is no potential merit to this argument.

Lisle further contends that the Court erred in failing to provide him with an evidentiary hearing on Defendants' Motion for Sanctions (Doc. 113). But Lisle was given an opportunity to respond to Defendants' motion, which is all the law requires (Doc. 130). *See Ayoubi v. Dart*, 640 F. App'x 524, 528 (7th Cir. 2016) ("Before exercising its inherent

authority to sanction misconduct, a court must notify the litigant of the specific misdeed that is the basis for possible sanction and allow the litigant an opportunity to respond."). An evidentiary hearing is only necessary if it will assist the Court in deciding whether to impose sanctions, and the undersigned determined that, in this case, it would not. *See id; Donelson v. Hardy*, No. 18-2739, 2019 WL 2949473, at *3 (7th Cir. July 9, 2019) (finding no oral hearing was required where the Court gave the plaintiff notice of the possible sanction and an opportunity to respond). Accordingly, no reasonable person could find Lisle's argument to have any legal merit.

Because the Court finds that the appeal is not taken in good faith, the Motion for Leave to Appeal *in forma pauperis* filed by Plaintiff Steven Lisle, Jr. (Doc. 139) is **DENIED**. Lisle may reapply for leave to appeal IFP directly with the United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

DATED:   July 17, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**