IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN D. LISLE, JR., <br><br> Plaintiff, <br><br> v. <br><br> JAMES DIERCKS, DANIEL DUNN, FRANK EOVALDI, JACQUELINE LASHBROOK, and KEVIN MURRAY, <br><br> Defendant. | Case No. 3:16-CV-421-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Steven Lisle, Jr., an inmate in the Illinois Department of Corrections, filed this lawsuit in April 2016 pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights (Doc. 1). On May 21, 2019, the Court dismissed Lisle's case with prejudice because he engaged in sexual misconduct during his deposition (Doc. 130). Lisle appealed, but his appeal was dismissed on September 4, 2019, for failure to pay the required $505 docketing fee (Doc. 148-1).

Now pending before the Court is the Bill of Costs filed by Defendants on September 24, 2019 (Doc. 150). Defendants seek to recover $353.95 for transcripts they obtained for use in the case. Lisle filed a timely objection in the form of a motion asking the Court to deny Defendants' Bill of Costs because he is indigent and the Defendants' "late request" for costs is intended to "harass and inflict extreme punishment" on him (Doc. 152). Lisle asserts that the Court's dismissal of his complaint was an extreme and harsh enough sanction already; thus, the Bill of Costs should be denied.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

First, the Court notes that although Lisle characterizes the Bill of Costs as being "late," neither Rule 54(d) nor this Court's Local Rules contain a deadline for filing for costs. *See* FED. R. CIV. P. 54(d); SDIL-LR 54.2. Thus, the Bill of Costs was timely filed.

Second, although Lisle was granted *pauper* status when this action commenced and he is likely to remain indigent given his parole date of September 24, 2040,[1] the Court

---

[1] *See* IDOC Inmate Locator, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited Oct. 18, 2019).

notes that the amount sought by Defendants is not astronomical. Furthermore, while Lisle may have initially instituted this matter in good faith, his actions during his deposition do not support a finding of good faith. And due to those actions, the Court never had an opportunity to assess the closeness and difficulty of the issues raised.

For these reasons, the Court finds that Defendants should be awarded costs. Plaintiff Steven Lisle, Jr.'s objection to the Bill of Costs is **OVERRULED**. Lisle is **ORDERED** to pay Defendants' costs in the amount of $353.95.

**IT IS SO ORDERED.**

DATED:   October 18, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**